IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FIRST-CLASS MONITORING, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. ____________ |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| THE PNC FINANCIAL SERVICES GROUP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

For its Complaint, Plaintiff First-Class Monitoring, LLC ("First-Class Monitoring"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. First-Class Monitoring is a Texas limited liability company with a place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant The PNC Financial Services Group, Inc. is a Delaware company with, upon information and belief, a place of business located at 300 Delaware Avenue, Wilmington, Delaware 19899.

3. By registering to conduct business in Delaware and by having places of business where it regularly conducts business in this District, Defendant has a permanent and continuous presence in Delaware.

4. Thus, Defendant has a regular and established place of business in the District of Delaware.

5. Upon information and belief, Defendant markets, promotes and answers from its Wilmington, Delaware business location consumers' questions about its text banking products and services accused of infringement herein.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

8. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

9. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## THE PATENT-IN-SUIT

10. On June 14, 2011, U.S. Patent No. 6,014,089 (the "'089 patent"), entitled "Method for Transmitting Data Using a Digital Control Channel of a Wireless Network," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '089 patent is attached hereto as Exhibit A.

11. The '089 patent solves problems of monitoring utility usage and other information on varying reading schedules and different levels of frequency of data interrogation (profiling). It ensures information from utility meters and other devices can be provided via digital transmission using the short message service portion of a personal communications system network using digital technology operating at any frequency.

12. First-Class Monitoring is the assignee and owner of the right, title and interest in and to the '089 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,014,089**

13. First-Class Monitoring repeats and realleges the allegations of paragraphs 1 through 12 as if fully set forth herein.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant is liable for infringement of at least claims 1 and 7 of the '089 patent by making, using, importing, offering for sale, and/or selling an apparatus and method for transmitting a data sequence via a personal communications system transmission protocol.

15. More specifically and upon information and belief, Defendant performs a method for transmitting a data sequence via a personal communications system transmission protocol. *See* https://www.pnc.com/en/personal-banking/banking/online-and-mobile-banking/mobile-banking.html ("Mobile Banking") (last accessed Oct. 26, 2017); *see also* Jennifer Hord, "How SMS Works" ("How SMS Works") (available at http://computer.howstuffworks.com/e-mail-messaging/sms.htm (last accessed Oct. 26, 2017)). Transaction information is collected by Defendant at a data collection unit (e.g., server). *See* http://thepixelpedia.com/wp-content/uploads/2017/05/PNC-Bank-Online-Banking.jpg (last accessed Oct. 26, 2017). Defendant composes a data packet including the collected data (e.g., customer account transactions) and in a form that conforms to conventional short message data packets. *See* https://usshortcodedirectory.com/directory/short-code-762265/ ("Short Code") (last accessed Oct. 26, 2017); Mobile Banking; *see also* Robert Triggs, "What Is SMS and How Does It Work?" ("What Is SMS") (available at http://www.androidauthority.com/what-is-sms-280988 (last accessed Oct. 26, 2017)); How SMS Works. Defendant inserts collected data into a short message service portion of a GSM network as an SMS message. *See* How SMS Works. Defendant transmits a data packet to an access point via a short message service portion of a personal

communications system transmission protocol (e.g., cellular network) as an SMS message. *See* Short Code; Mobile Banking; *see also* How SMS Works; What Is SMS; William Dudley, "SMS Only Reliable Communications Channel During Significant Events" (available at http://www.mobilemarketer.com/cms/opinion/columns/5968.html (last accessed Oct. 26, 2017, 2017)); Tiesha Whatley, "How Does Text Messaging Work?" (available at https://www.techwalla.com/articles/how-does-text-messaging-work (last accessed Oct. 26, 2017)).

16. First-Class Monitoring is entitled to recover from Defendant the damages sustained by First-Class Monitoring as a result of Defendant's infringement of the '089 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

First-Class Monitoring hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, First-Class Monitoring requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '089 patent;

B. An award of damages to be paid by Defendant adequate to compensate First-Class Monitoring for Defendant's past infringement of the '089 patent, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of First-Class Monitoring's reasonable attorneys' fees; and

D. An award to First-Class Monitoring of such further relief at law or in equity as the Court deems just and proper.

Dated: October 27, 2017

STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*

Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*First-Class Monitoring, LLC*